# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

ANTHONY BARKLEY,

     Defendant.

Case No. 2:17-cr-00025-HDM-VCF

**ORDER**

MOTION TO DISMISS (ECF NO. 52)

 Before the Court are Defendant Anthony Barkley's Motion to Dismis (ECF No. 52), the Government's response (ECF No.65), and Defendant's reply (ECF No. 69). For the reasons stated below, Defendant's motion is denied without prejudice.

 A grand jury indicted Defendant for two counts relating to the sex trafficking of a minor. (ECF No. 14). Subsequent to the indictment, Defendant's alleged victim called both the Court (ECF No. 52 at 2) and the United States Attorney's Office and to assert she "lied about some things during her grand jury testimony" (*Id.*, Ex. A). Defendant now moves to dismiss the indictment because "continuing to prosecute Barkley…violates his constitutional due process rights" and "the government has been aware of this perjury for a month and a half…[but] has not taken any actions to prevent the continuing violation of Barkley's rights." (*Id.* at 3).

 "[T]he Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached." *United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974). Once the prosecutor learns of material perjury before the grand jury, "he is under a duty to immediately inform the court[,] opposing counsel[] and…the grand jury[] in order that appropriate

1

action may be taken." *Id.* at 785-786. "The materiality of an allegedly perjurious statement will not be assumed." *Foreman v. Lewis*, 875 F.2d 318 (9th Cir. 1989).

The Court is unable to find that Defendant's due process rights have been violated at this time. There is no evidence before the Court of the substance of the reported perjury. The Court would have to assume that any perjury was material without being able to analyze (1) the contents of the witness's statements or (2) any other evidence put before the grand jury. The Court also declines to exercise its supervisory power to dismiss, *see United States v. De Rosa*, 783 F.2d 1401, 1406 (9th Cir. 1986), without a clear picture of the perjury that purportedly occurred before the grand jury. However, the Court notes it is not persuaded by the Government's argument that it is somehow excused from responding to the witness's perjury claim because it "does not believe it has introduced nor relied upon perjured testimony." (ECF No. 65 at 4). There is no case law to support the idea that the Government can unilaterally decide which allegations of perjury to accept or ignore. In addition, the United States Attorney's Office "advised [it] would send [the witness] a letter to help her get assistance from the Federal Public Defenders Office" regarding any perjury charges that could arise from her grand jury testimony. (ECF No. 52, Ex. A).

Defendant has also filed a motion to inspect the grand jury transcript and evidence log. (ECF No. 53). With this material, the Defendant could potentially show the extent to which the asserted perjury influenced the grand jury's decision to indict. Once the Defendant obtains this material, the Defendant may re-file his motion to dismiss.

///

///

///

///

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's motion to dismiss (ECF No. 52) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 25th day of September, 2017.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE