UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>ANTHONY BARKLEY,<br><br>                Defendant. | Case No. 2:17-cr-00025-HDM-VCF<br><br>ORDER |

Defendant Anthony Barkley has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 123). The government has opposed (ECF No. 125), and Barkley has replied (ECF No. 127).

Barkley is currently serving an eight-month term of imprisonment following a violation of two conditions of his supervised release: the condition prohibiting contact with Tashoya Epps, and the condition against drinking to excess. Having served about half of this sentence, he now seeks immediate release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

1

>    (i) extraordinary and compelling reasons warrant such a reduction;
>
>    . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

U.S.S.G. § 1B1.13 provides:

>    Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>       (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>       . . .
>
>       (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>       (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The application notes to § 1B1.13 set forth specific examples of "extraordinary and compelling reasons," including "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would

---

[1] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Barkley is not more than 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 app. n.(1)(C). In addition, a catch-all provision provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

While several circuit courts have recently concluded that § 1B1.13 does not apply at all to motions brought directly by the defendant, *United States v. McCoy*, -- F.3d --, 2020 WL 7050097, at *6-7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, -- F.3d --, 2020 WL 6817488, at *8-9 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, -- F.3d --, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020), the Ninth Circuit has not yet addressed the issue and, in its unpublished decisions, continues to cite § 1B1.13 as relevant authority in this context. *See, e.g.*, *United States v. Dvorak*, 2020 WL 7230602, at *1 (9th Cir. Dec. 8, 2020) (unpublished disposition). Other circuit courts also continue to identify § 1B1.13 as the applicable policy statement. *See United States v. Monaco*, 2020 WL 6194688, at *3 (11th Cir. Oct. 22, 2020) (unpublished disposition); *United States v. Bell*, 823 Fed. App'x 283, 284 (5th Cir. 2020) (unpublished disposition).

Absent contrary binding authority, the court concludes that, to the extent it is applicable, § 1B1.13 is the relevant policy statement for considering § 3582(c)(1)(A) motions brought by the defendant. Further, the court agrees with the well-reasoned opinions of several other courts that although the catch-all

3

provision by its terms applies only where the *warden* has found extraordinary and compelling reasons, the court is free to determine for itself whether extraordinary and compelling reasons exist -- with or without the warden's blessing. *See United States v. Etzel*, 2020 WL 2096423, at *3 (D. Or. May 1, 2020); *United States v. Haynes*, 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases); *United States v. Redd*, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020) ("Application Note 1(D)'s prefatory language, which requires a [catch-all] determination by the BOP Director, is, in substance, part and parcel of the eliminated requirement that relief must be sought by the BOP Director in the first instance.... [R]estricting the Court to those reasons set forth in § 1B1.13 cmt. n.1(A)-(C) would effectively preserve to a large extent the BOP's role as exclusive gatekeeper, which the First Step Act substantially eliminated.").

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Barkley asserts extraordinary and compelling reasons support his early release: the need to take care of his three minor children who cannot or will not be cared for by their mothers. The government opposes, arguing that Barkley has not established extraordinary and compelling reasons for his early release and that he remains a danger to the community.

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's

4

receipt of the request, whichever is earlier. Given that Barkley has not yet been designated to a BOP institution, the government waives the exhaustion requirement in this case.

### B. Extraordinary and Compelling Reasons

In his motion, Barkley asserts that the mothers of his three minor children cannot care for them and so, while he is incarcerated, they are being cared for by Barkley's mother and aunt. Barkley's mother lives in Sacramento, California, and has only been staying in Las Vegas since Barkley's arrest to take care of Barkley's oldest child, who is a senior in high school. Barkley's aunt has been taking care of Barkley's two younger children, who are 3 and 10. Barkley's aunt asserts that taking care of the two young children has become a hardship because she cannot seek work while doing so. And due to work commitments, Barkley's mother must soon return to Sacramento, which would force his eldest child to move out-of-state during his last year of high school. Barkley asserts that his situation presents extraordinary and compelling reasons to grant his immediate release in order to take care of his children.

The government has opposed, arguing that Barkley's assertions of hardship are unsubstantiated and that Barkley's situation is typical when one parent is incarcerated and thus do not constitute extraordinary and compelling reasons for his early release.

The facts as alleged by Barkley do not amount to extraordinary and compelling reasons for shortening his already short sentence. First, as the government points out, these arguments were not raised by Barkley at his revocation sentencing hearing, which took place just one month before he filed his motion. The court will

5

not speculate as to why Barkley's attorney did not raise these issues, but Barkley could have done so himself during allocution. More importantly, however, the caregivers for Barkley's children have not died or become incapacitated, and Barkley's children are being taken care of. While the court is cognizant of the challenges of that situation, it does not justify Barkley's release at this time. Finally, while this is not a determinative factor in the court's decision, nothing in the record supports Barkley's assertion that the mother of his two younger children, Tashoya Epps, cannot take care of her children. Epp's two declarations state that Barkley has custody of the children and is their sole provider, and that the battery allegations she had previously lodged against Barkley were not true, but nowhere do they state that she cannot care for the children even part-time while Barkley is incarcerated, which could allow Barkley's aunt to seek work. The motion for compassionate release will therefore be denied.

Having so decided, it is unnecessary for the court to address the government's assertion that Barkley remains a danger to the community.

**III. Conclusion**

In accordance with the foregoing, Barkley's motion for compassionate release (ECF No. 123) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 1st day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE

6